UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KHODR INVESTMENTS, LLC, ET AL., <br>     Plaintiffs <br><br> VERSUS <br><br> STARR SURPLUS LINES INSURANCE COMPANY, <br>     Defendant | CIVIL ACTION <br><br> NO. 22-2251 <br><br> SECTION: "E"(4) |

### ORDER AND REASONS

Before the Court is a motion to alter or amend judgment filed by Plaintiffs Khodr Investments, LLC, et al. ("Plaintiffs").[1] Defendant Starr Surplus Lines Insurance Company ("Defendant") filed an opposition.[2] Plaintiffs filed a reply.[3]

### BACKGROUND

Defendant issued to Plaintiffs an "all risks" commercial insurance policy with a policy period from March 21, 2019, to March 21, 2020 ("the policy").[4] The policy provided Plaintiffs with a combined coverage limit in excess of eighteen million dollars.[5] In late 2019, the novel coronavirus SARS-COV-2 began circulating, and in March 2020, Louisiana public officials began issuing proclamations to respond to the public health crisis.[6] As a result of the COVID-19 pandemic and the various proclamations, Plaintiffs suspended business operations for on-premises dining at its restaurants from March 17

---

[1] R. Doc. 42.
[2] R. Doc. 44.
[3] R. Doc. 47.
[4] R. Doc. 16 at p. 3.
[5] *Id.*
[6] *Id.* at p. 6.

1

to May 14, 2020, in Jefferson Parish, and from March 17 to May 15, 2020, in Orleans Parish.[7]

Plaintiffs allege the presence of the coronavirus at their locations and at properties within one mile of Plaintiff's locations "caused direct physical loss and damage to the insured locations, both by depriving the use of and damaging the insured locations."[8] Plaintiffs further allege "[t]he various proclamations, notices, and orders issued by the Governor of Louisiana, by the Mayor of New Orleans, and by the President of Jefferson Parish were orders of civil authority that interrupted Khodr's business due to a direct result of damage to or destruction of property within one mile."[9] Finally, Plaintiffs allege "[d]amage to property within one mile of Khodr's property impaired ingress to or egress from the locations."[10]

On March 21, 2020, Plaintiffs gave initial notice of its losses to Defendant.[11] Defendant has not yet accepted coverage nor paid insurance proceeds for Plaintiffs' allegedly covered losses.[12] Plaintiffs filed suit in state court on March 17, 2022.[13] On July 20, 2022, Defendant removed the case to this Court from the Louisiana Civil District Court for the Parish of Orleans.[14]

On September 14, 2022, Defendant filed a motion to dismiss for failure to state a claim.[15] Defendant stated it was entitled to dismissal because Plaintiffs failed to allege

---

[7] *Id.* at p. 15.
[8] *Id.* at pp. 15-16.
[9] *Id.* at p. 16.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] R. Doc. 1-1 at p. 6.
[14] R. Doc. 1.
[15] R. Doc. 22.

coverage under the terms of the policy.[16] Defendant argued the presence of COVID-19 on Plaintiffs' property did not qualify as "direct physical loss or damage."[17] In opposition, Plaintiffs argued only that the Court should stay the instant action pending the outcome of *Cajun Conti, LLC v. Certain Underwriters at Lloyd's, London*,[18] a decision by the Louisiana Court of Appeal for the Fourth Circuit in which there was, at the time the motion was filed, a pending writ application to the Louisiana Supreme Court.[19] Defendants assert the writ application presents for the first time the opportunity for the Louisiana Supreme Court to determine whether the presence of COVID-19 qualifies as "direct physical loss or damage."[20] The Court granted Defendant's motion to dismiss on November 15, 2022.[21]

On December 13, 2022, Plaintiffs filed the instant motion to alter or amend the Court's judgment on Defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 59(e).[22] Plaintiffs seek this relief on the basis that, on November 22, 2022, the Louisiana Supreme Court granted the writ application in *Cajun Conti*.[23] Defendant opposes this motion.[24] Plaintiffs filed a reply.[25]

### **LEGAL STANDARD**

A Rule 59(e) motion to alter or amend "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a

---

[16] R. Doc. 22-1 at p. 12.
[17] *Id.*
[18] R. Doc. 31 at pp. 5-8.
[19] *Cajun Conti LLC v. Certain Underwriters at Lloyd's, London*, No. 2021-CA-0343, 2022 WL 2154863 (La. App. 4 Cir. June 15, 2022).
[20] *See id.*
[21] R. Doc. 40.
[22] R. Doc. 42.
[23] R. Doc. 42-1 at p. 3.
[24] R. Doc. 44.
[25] R. Doc. 47.

motion.[26] "In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:"[27] (1) "whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;"[28] (2) "whether the movant presents new evidence;"[29] (3) whether the motion is necessary in order to prevent manifest injustice;"[30] and (4) "whether the motion is justified by an intervening change in the controlling law."[31]

A Rule 59(e) motion is "not the vehicle for rehashing evidence, legal theories, or argument that could have been offered or raised before the entry of judgment."[32] Instead, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or to present newly discovered evidence."[33] "A manifest error is not shown by the disappointment of the losing party, rather it is the wholesale disregard, misapplication, or failure to recognize controlling precedent."[34]

## **LAW AND ANALYSIS**

Plaintiffs ask this Court, "in the interest of equity to the parties," to "alter or amend its prior ruling dismissing Defendants entirely from the suit, as Plaintiffs should have the benefit of a favorable Louisiana Supreme Court decision, if any decision is rendered."[35] Plaintiffs also re-urge their motion to stay proceedings pending the outcome of *Cajun*

---

[26] *See, e.g., In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).
[27] *Lewis v. Noble Drilling Servs., Inc.*, No. 15-1018, 2016 WL 5072911, at *1 (E.D. La. Sept. 20, 2016).
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations omitted).
[33] *Id.* (citations omitted).
[34] *Factor King, LLC v. Block Builders, LLC*, 192 F.Supp.3d 690, 693 (M.D. La. 2016) (citation and internal quotations marks omitted).
[35] R. Doc. 42 at p. 2.

*Conti*.[36] Plaintiffs argue three of the four factors considered by this Court support their motion: (1) whether the movant presents new evidence; (2) whether the motion is necessary in order to prevent manifest injustice; and (3) whether the motion is justified by an intervening change in the controlling law.[37] Defendant argues relief would be inappropriate because, as held by this Court's November 15, 2022 Order and Reasons, *Cajun Conti* is not controlling because the Starr policy is subject to a "Pollution and Contamination Exclusion Clause."[38] In response, Plaintiffs argue, *inter alia*, the Court declined to reach the issue of whether or not the Contamination Exclusion applies.

Plaintiffs' motion should be denied because, even if the Louisiana Supreme Court ruled in Plaintiffs' favor in *Cajun Conti*, the Court's November 15, 2022 Order and Reasons would stand. In that Order, the Court stated the following:

> Because the Court rejects Plaintiffs' argument that they suffered a physical loss, the Court need not reach the issue of whether Plaintiffs' alleged damages fell within the contamination exclusion. **However, even if Plaintiffs successfully demonstrated a physical loss, Plaintiffs would not be entitled to coverage.** The insurance policy specifically excludes coverage of damage caused by viruses. Accordingly, Plaintiff would not be entitled to recover, even if the presence of COVID-19 constituted physical damage. *See Ford of Slidell*, No. CV 21-858, 2021 WL 5415846, at *20-24 (finding the Contamination Clause "unambiguously excludes coverage for losses resulting from COVID-19," where the language and the legal arguments were the same as in the instant motion).[39]

While Plaintiffs argue the Court declined to reach the issue of whether or not the Contamination Exclusion applied,[40] that is not the case. The Court, having already rejected Plaintiffs' first argument, stated it *need not* reach the second issue—whether

---

[36] *Id.*
[37] R. Doc. 42-1 at p. 4.
[38] R. Doc. 44 at p. 1.
[39] R. Doc. 40 at p. 9 n.55 (emphasis added).
[40] R. Doc. 47 at p. 2.

5

Plaintiffs' alleged damages fell within the Contamination Exclusion—but nevertheless did.[41] In actuality, the Court *expressly* reached this issue and answered this question in the affirmative, finding the insurance policy unambiguously and specifically excludes coverage of damage caused by viruses.[42] Put another way, even if the outcome of *Cajun Conti* was such that Plaintiffs could demonstrate they suffered a physical loss, Plaintiffs still would not be entitled to relief. Accordingly, granting Plaintiffs' motion would be futile.

### CONCLUSION

**IT IS ORDERED** that the motion to alter or amend the judgment[43] filed by Plaintiffs is **DENIED.**

**New Orleans, Louisiana, this 23rd day of January, 2023.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[41] R. Doc. 40 at p. 9 n.55.
[42] *Id.*
[43] R. Doc. 42.